Daniel P. Struck, AZ Bar #012377
Timothy J. Bojanowski, AZ Bar #022126
**JONES, SKELTON & HOCHULI, P.L.C.**
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Tel:  (602) 263-7324
Fax: (602) 200-7837
E-mail:  tbojanowski@jshfirm.com

*Attorneys for Defendants Vershoor & Greene*

FILED
DEC 0 1 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ___PD___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM ALPHONSO MACK<br><br>Plaintiff,<br><br>vs.<br><br>REBECCA BINGHAM, DR.<br>ROBERTSON, DR.<br>DUTCH J. VERSHOOR, PA-C,<br>DAVID NORCROSS, PA-C<br>WILLIAM MICHAEL GREENE, PA-C<br>DON BRANDON ADA COORDINATOR<br>TIMOTHY F. LYDEN<br><br>Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. A04-0193 CV (RRB) |

### REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Now come Defendants Greene and Vershoor by and through counsel and hereby submit their Reply in Support of the Motion for Summary Judgment.  Plaintiff fails to establish a genuine issue of material fact concerning his request for injunctive relief.

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 1 of 6

48

Therefore, Vershoor and Greene's Motion for Summary Judgment should be granted. This Reply is supported by the accompanying Memorandum of Points and Authorities, the attached exhibits and pleadings on file with the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.        INTRODUCTION**

Mack asserts Vershoor and Greene, treated him with deliberate indifference to his medical needs and thereby violated his rights under the 8th Amendment. Mack also states Defendants violated his rights under the Americans with Disabilities Act. Mack's illnesses, either physical or mental, do not qualify him for protection under the Americans with Disabilities Act (hereinafter "ADA"). The ADA defines a qualified individual with a disability, as a person who has a physical or mental impairment that substantially limits one or more major life activities, has a record of such impairment, or is regarded as having such an impairment, 29 C.F.R. § 1630.2. Mack has never asserted or provided any proof that his illness has substantially limited or impaired one or more life activities. In addition, Mack fails to establish he is a qualified individual with a disability who is entitled to accommodation. 42 U.S.C. §12131. Here, Mack is not otherwise qualified to participate in the specific medical treatment regimen he requests. Even if he were, his lawsuit is not brought against an entity subject to the act, 42 U.S.C. §12131(1). The lawsuit is against employees of a private entity and not against a public entity as described in the Act. Because of this, there is no issue of fact concerning the application of the Act to these Defendants. Mack cannot claim deliberate indifference to his medical needs as he was

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 2 of 6

never denied access to any of the prison medical facilities. Defendants were physicians assistants who provided care to Plaintiff based upon the recommendations of the treating physicians. As such, neither of them were deliberately indifferent to Mack's medical needs.

II.     **LEGAL ARGUMENT**

   A.     **Deliberate indifference to Medical needs**

Mack's Response Memorandum repeats the allegations of his Complaint by requesting a liver biopsy and Interferon drug treatment. Mack asserts he will be irreparably harmed if he does not receive his requested treatment. Mack does not dispute the numerous medical conditions that require specific medical care and that he is provided consistent medical care for each of his conditions. Mack's treating physicians established that he will suffer greater harm by treatment of HCV than the disease itself because of his pre-existing medical conditions. Mack's reference to materials from the CDC and American Liver Foundation regarding treatment do not take into consideration his numerous other medical conditions that make the treatment for HCV inadvisable and dangerous. No issue of fact arises even if the court considers this hearsay information.

Mack also asserts that Defendants have not followed their own protocol with regard to the HCV treatment regimen. Pursuant to the Alaska Department of Corrections standardized patient review for consideration for HCV treatment, Mack must not have a history of severe depression or other major psychiatric diagnosis. As Plaintiff admits, he has a long standing history of schizophrenia. As such, he does not qualify to participate in the HCV treatment regimen pursuant to the Protocol attached to Plaintiff's Motion.

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 3 of 6

Mack asserts that Defendants Versheer and Greene were deliberately indifferent to his medical needs by denying him HCV treatment. Versheer and Greene did not make the determination to deny or allow him to participate in the HCV treatment program. Vershoor and Greene are Physicians Assistants that were faced with a medical issue concerning Mack's numerous other medical conditions and his HCV treatment. Versheer and Greene referred that issue to a physician. The physician provided instructions as to the treatment plan and Versheer and Greene implemented the plan ordered by the physician. Versheer and Greene can not be deliberately indifferent because they sought treatment for Mack through a physician and implemented the treatment plan given by the physician.

### B.     ADA Claim

Plaintiff claims he was denied treatment based on his disabilities. Mack's numerous medical conditions do not constitute a disability under the ADA because they do not affect his day to day life activities. In any event, Mack was never denied a "service" available at the prison. Plaintiff has always had access to the medical department. Plaintiff's Complaint is that he did not receive a particular medical procedure. This request is grounded in Mack's disagreement with his treatment plan. Such a claim does not fall within the parameters of the ADA. In any event, Mack has not established that Vershoor or Greene are subject to the Act. Neither had anything to do with the treatment plan established for Mack. Further, neither of them are public employees or a public entity as defined by the Act. 42 U.S.C. §12131(1). As a result, there is no issue of fact concerning

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 4 of 6

the application of the ADA to this cause of action and it should be dismissed as a matter of law.

### III.    **CONCLUSION**

Plaintiff, essentially has a disagreement with the course of his medical treatment as recommended by the physician and this type of claim not sufficient to establish a constitutional violation for deliberate indifference. Further, he was not denied access to the medical unit because of his disability and Defendants Versheer and Greene are not subject to the ADA. As such the Motion for Summary Judgment should be granted.

Respectfully submitted this 23rd day of November 2005 at Phoenix, Arizona.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/ Timothy J. Bojanowski
Daniel P. Struck
Timothy J. Bojanowski
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
(602) 263-7324

Michael D. Corey, Esq.
SANDBERG, WUESTENFELD & COREY
ABA #8511130
701 West 8th Avenue, Suite 1100
Anchorage, Alaska 99501
(907) 276-6363

*Attorneys for Defendants, Greene and Vershoor*

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 5 of 6

This is to certify that a true and
correct copy of the foregoing was
*filed* by ( ✓ ) Federal Express ( ) hand ( ) fax
this 23rd day of November 2005, with:

Clerk
**UNITED STATES DISTRICT COURT**
825 West 4th Avenue
Anchorage, Alaska 99501-2004

This is to certify that a true and
correct copy of the foregoing was
served by ( ✓ ) mail ( ) hand ( ) fax
this 23rd day of November 2005, to:

William Alphonso Mack, #235947
**CCA/FLORENCE CORRECTIONAL CENTER**
P. O. Box 6200
Florence, Arizona 85232
*Plaintiff Pro Per*

Marilyn J. Kamm, Esq.
**STATE OF ALASKA**
Assistant Attorney General
Department of Law
Criminal Division Central Office
P. O. Box 110300
Juneau, Alaska 99811-0300
*Attorney for Defendants Bingham,
Robertson, Lyden, Brandon & Norcross*

*Dianne Clark* (signature)

Reply Memorandum to Plaintiff's Response to
Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 6 of 6