Marilyn J. Kamm
Assistant Attorney General
Department of Law
Criminal Division Central Office
P.O. Box 110300
Juneau, AK 99811
(907) 465-3428
FAX: (907) 465-4043
Alaska Bar No. 7911105
Attorney for Defendant Bingham,
Robertson, Lyden, Brandon &
Norcross

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 1 AM 9: 02

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

WILLIAM MACK,           )
                        )
        Plaintiff,      )
                        )
    vs.                 )
                        )
REBECCA BINGHAM, M.D., ET AL., )
                        )
        Defendants.     )
_____) Case No. A04-193 CV (RRB)

OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendants oppose plaintiff's motion for summary judgment because the treatment he seeks is not recommended because of his other serious medical problems. Dr. Bingham explained why plaintiff was not a candidate for such treatment in her letter to Physician Assistant Mike Greene on May 21, 2003.

> Per our previous discussion, Mr. Mack does not meet DOC protocol (f)or treatment of his Hepatitis C at this time, due to his diabetes, hypertension, GI problems, and long-standing psychiatric illness. Any one of these could disqualify him as an appropriate candidate, and all of them together make

Opposition to Motion for Summary Judgment
*Mack v. Bingham, et al.*, Case A04-193 CV (RRB)
Page 1 of 3.

> the case quite inappropriate for treatment, however much the patient might feel he wants it.
>
> As you know, the medications have numerous serious and possibly life-threatening side-effects. Because of this, current medical standards require that we not expose individuals for whom the treatment might be worse than the disease, to the added dangers of treatment.
>
> …
>
> Unfortunately, the patient's willingness to sign a "waiver of liability" for treatment side-effects does not alter the fact that treating Mr. Mack at this time would constitute poor medical care not appropriate to current standards, nor to DOC guidelines. …

Exhibit A, Defendants Greene and Vershoor's Motion for Summary Judgment, docket 43.

Plaintiff's motion is defective because he has no medical expert to support his request for treatment for his hepatitis. In *Esslinger v. Worrall et al.*, Case No. A01-237 CV (JKS) Judge Singleton explained why an expert's opinion is required.

> First, it is clear that Esslinger is not entitled to summary judgment since he has not demonstrated the absence of disputed issues of material fact such that he is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. Esslinger's claims are based upon his contention that he was improperly placed in administrative segregation and denied necessary medical treatment. The defendants have presented substantial evidence that Esslinger's problems were traceable to their attempts to treat psychotic episodes. Whether we view Esslinger's claims as pure civil rights claims in which he will have to show "conscious indifference" to his medical problems, or as supplemental medical malpractice claims, Esslinger must establish a standard of psychiatric care and then show that his treatment fell below that level of care. All of Esslinger's claims really turn on the available mental health evidence. Hence, to prevail or avoid judgment Esslinger must present expert testimony from a mental health practitioner supporting his claim that he was not in need of the psychiatric care he received, and that it was not consistent with the standard of mental health care to segregate him while he was being treated. There is no such evidence in the record. Thus Esslinger's motion for summary judgment at **Docket No. 13 is DENIED.**

Exhibit A, Order, *Esslinger v. Worrall et al.*, at docket 86, pp. 2-3.

Opposition to Motion for Summary Judgment
*Mack v. Bingham, et al.,* Case A04-193 CV (RRB)
Page 2 of 3.

Without an expert to support his request, his motion for summary judgment should be denied and the defendants' motion for summary judgment should be granted.

Dated this 30th day of November, 2005, at Juneau, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *[signature]*
Marilyn J. Kamm
Assistant Attorney General

I certify that on November 30, 2005, I caused to be mailed a true and correct copy of the foregoing with first class postage, via the U.S. Post Office to:

| | | |
|---|---|---|
| William Mack | Michael D. Corey | Timothy Bojanowski |
| CCA/FCC | Sandberg, Wuestenfeld & Corey | Jones, Skelton & Hochuli |
| PO Box 6200 | 701 W. 8th Ave, Suite 1100 | 2901 North Central Ave, Suite 800 |
| Florence, AZ 85232 | Anchorage, AK 99501 | Phoeniz, AZ 85012 |

*[signature]*
Marilyn J. Kamm

DEPARTMENT OF LAW - CRIMINAL DIVISION
ATTORNEY GENERAL, STATE OF ALASKA
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: (907) 465-3428 FAX: (907) 465-4043

Opposition to Motion for Summary Judgment
*Mack v. Bingham, et al.,* Case A04-193 CV (RRB)
Page 3 of 3.