IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM ALPHONSO MACK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REBECCA BINGHAM,<br>DR. ROBERTSON,<br>DR. DUCH J. VERSHOOR, PA-C,<br>DAVID NORCROSS, PA-C,<br>WILLIAM MICHAEL GREENE, PA-C,<br>DON BRANDON, ADA COORDINATOR,<br>TIMOTHY F. LYDEN,<br><br>　　　　Defendants. | Case No. 3:04-cv-0193-RRB<br><br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT** |

**I.　INTRODUCTION**

　　　Before the Court are Defendants William Michael Greene, PA-C, and Dutch J. Vershoor, PA-C ("Defendants") with a Motion for Summary Judgment at Docket 43. The motion is joined by the other Defendants at Docket 47. Defendants argue that they were <u>not</u> deliberately indifferent to Plaintiff's medical needs and, therefore, Plaintiff <u>cannot</u> establish a likelihood of success on

ORDER GRANTING DEFENDANTS'
　MOTION FOR SUMMARY JUDGMENT - 1
3:04-CV-0193-RRB

the merits to sustain his request for injunctive relief.[1]
Defendants also argue that they did <u>not</u> prevent Plaintiff from
participating in medical services in violation of the Americans
with Disabilities Act.[2] The motion is opposed at Docket 44.[3]

## II. FACTS

Plaintiff William Alphonso Mack, a prisoner housed at the
Corrections Corporation of America ("CCA") Florence Correctional
Center under a conviction from the State of Alaska, contracted
Hepatitis C in or around 1998 and desires the appropriate treatment
for the same. However, due to his diabetes, hypertension,
gastrointestinal ("GI") problems, and long-standing psychiatric
illness, Dr. Rebecca Bingham stated in a letter to Physician
Assistant Mike Greene that: "Mr. Mack does not meet DOC protocol
{f)or treatment of his Hepatitis C at this time . . . ."[4]
Dr. Bingham further stated that: (1) "Any one of [his pre-existing

---

[1] Clerk's Docket 43 at 1 (emphasis added).

[2] <u>Id.</u> at 2 (emphasis added).

[3] Inasmuch as the Court has treated Plaintiff's Motion for Summary Judgment at Docket 44 as a Cross-Motion for Summary Judgment and Response in Opposition to Defendants' Motion for Summary Judgment, it has further considered the information provided to it by way of Defendants' Reply Memorandum to Plaintiff's Response to Motion for Summary Judgment at Docket 48, despite Defendants' request to withdraw the same at Docket 50. The parties are so informed.

[4] Clerk's Docket 49 at 1 (citation omitted).

conditions] could disqualify him as an appropriate candidate, and all of them together make the case quite inappropriate for treatment, however much the patient might feel he wants it[5]; and (2) Plaintiff's "willingness to sign a 'waiver of liability' for treatment side-effects does not alter the fact that treating Mr. Mack at this time would constitute poor medical care not appropriate to current standards, nor to DOC guidelines . . . ."[6] Plaintiff disagrees.

With no medical expert to support his request for treatment, "Mack seeks an injunction ordering Defendants to perform the 'liver biopsy,' and place him into the HCV Treatment Program. He also seeks declaratory judgment that Alaska's protocols for medical treatment are discriminatory."[7]

### III. STANDARD OF REVIEW

#### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of

---

[5] Id. at 1-2 (citation omitted).

[6] Id. at 2 (citation omitted).

[7] Clerk's Docket 43 at 3-4 (citations omitted).

showing that there is no genuine dispute as to material fact.[8] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[9] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[10] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[11] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[12]

**B. Injunctive Relief**

Injunction relief is appropriate when a plaintiff "establishes [either] (1) probable success on the merits <u>and</u> irreparable harm if relief is denied, or (2) that there are serious questions on the merits and the balance of hardship tips sharply in

---

[8] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

[9] <u>Id.</u> at 323-325.

[10] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-9 (1986).

[11] <u>Id.</u> at 255.

[12] <u>Id.</u> at 248-9.

favor of plaintiff."[13] "The district court must also consider whether the public interest favors issuance of the injunction."[14]

**IV. DISCUSSION**

**A. Plaintiff Cannot Show a Likelihood of Success on the Merits *or* Irreparable Harm.**

"To establish a constitutional violation based on inadequate medical care, an inmate must present facts or omissions sufficiently harmful to evidence <u>deliberate indifference</u> to serious medical needs."[15] "Prison officials are <u>deliberately indifferent</u> to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."[16] However,

> [A] plaintiff's showing of nothing more than "a difference of medical opinion" as to the need to pursue one course of treatment over

---

[13] <u>Rowe v. Burton</u>, 884 F. Supp. 1372, 1375 (D. Alaska 1994) (<u>citing</u> <u>Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.</u>, 944 F.2d 597, 602 (9th Cir. 1991))(emphasis added).

[14] <u>Southwest Voter Registration Educ. Project v. Shelley</u>, 344 F.3d 914, 917 (9th Cir. 2003)(<u>citing</u> <u>Fund for Animals, Inc. v. Lujan</u>, 962 F.2d 1391, 1400 (9th Cir. 1992)).

[15] Clerk's Docket 43 at 6 (<u>citing</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Lopez v. Smith</u> 203 F.3d 1122 (9th Cir. 2000)(<u>en banc</u>))(emphasis added). "It is settled law that deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996)(<u>citing</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

[16] <u>Jackson</u>, 90 F.3d at 332 (<u>citing</u> <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1066 (9th Cir. 1992)(<u>overruled on other grounds</u>)) (emphasis added).

ORDER GRANTING DEFENDANTS'
 MOTION FOR SUMMARY JUDGMENT - 5
3:04-CV-0193-RRB

another [is] insufficient, <u>as a matter of law</u>, to establish deliberate indifference.[17]

Consequently,

> To prevail under these principles, [Plaintiff] must show[: (1)] that the course of treatment the doctors chose was medically unacceptable under the circumstances[; <u>and</u> (2) P]laintiff must show that they chose this course in conscious disregard of an excessive risk to [his] health.[18]

Plaintiff has failed to do either. In fact, "[t]he medical opinions establish more harm will result to Plaintiff by the treatment due to his multiple medical problems, and the side effects of the treatment rendered."[19] As opined by Defendants, "[i]n this instance, the treatment is worse than the disease."[20]

Moreover, Plaintiff has failed to present any expert testimony to support his claim that he is in need of the medical treatment that he seeks.

> Plaintiff, essentially has a disagreement with the course of his medical treatment as recommended by the physician and this type of claim [is] <u>not</u> sufficient to establish a

---

[17] <u>Id.</u> (<u>citing</u> <u>Estelle</u>, 429 U.S. at 107-8)(emphasis added).

[18] <u>Id.</u> (citations omitted).

[19] Clerk's Docket 43 at 8.

[20] <u>Id.</u> at 9.

ORDER GRANTING DEFENDANTS'
  MOTION FOR SUMMARY JUDGMENT - 6
3:04-CV-0193-RRB

constitutional violation for deliberate indifference.[21]

As a result, Plaintiff is unable to show a likelihood of success on the merits; whereby, his claim for injunctive relief fails as a matter of law.

What is more, because Plaintiff "has <u>no</u> evidence that would justify the Court's intervention into the medical decisions of the staff doctors, [the Court further concludes] he <u>cannot</u> show the irreparable harm needed to justify an injunction."[22] His Americans With Disabilities ("ADA") claim fares no better.

**B. Plaintiff's ADA Claim Fails as a Matter of Law.**

Plaintiff "claims he was subject to discrimination in violation of the ADA because . . . Defendants failed to provide him with his requested liver test and drug treatment regime."[23]

In order to state an ADA claim Plaintiff must demonstrate that he (1) is a handicapped person; (2) that is otherwise qualified; and that the Defendants' actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on

---

[21] Clerk's Docket 48 at 5 (emphasis added).

[22] Clerk's Docket 43 at 9 (emphasis added).

[23] <u>Id.</u>

ORDER GRANTING DEFENDANTS'
 MOTION FOR SUMMARY JUDGMENT - 7
3:04-CV-0193-RRB

the basis of his physical handicap.[24] "[Plaintiff] cannot establish the essential elements of his ADA claim."[25]

To begin, the record reveals Plaintiff has <u>not</u> been denied participation in or benefits of a prison service, program, or activity. Indeed, he has received and continues to receive adequate medical care. "Plaintiff's [only] Complaint is that he did not receive a particular medical procedure. Such a clam does <u>not</u> fall within the parameters of the ADA."[26] And, even if it did, the Court concludes Plaintiff's "numerous medical conditions do <u>not</u> constitute a disability under the ADA because they do not affect his day to day life activities."[27]

## V. CONCLUSION

For these reasons, and for additional reasons more carefully articulated in Defendants' Motion for Summary Judgment at Docket 43, Defendants' Motion for Summary Judgment at Docket 43 is hereby **GRANTED** and the matter is **DISMISSED** with prejudice.

---

[24] <u>Duffy v. Riveland</u>, 98 F.3d 447, 455 (9th Cir. 1996).

[25] Clerk's Docket 43 at 10.

[26] Clerk's Docket 48 at 4 (emphasis added).

[27] <u>Id.</u> (emphasis added). An individual has a covered disability if the individual either: (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; or (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2).

Plaintiff's "Motion for Summary Judgment" at Docket 44 is **DENIED** as moot.

ENTERED this 21st day of August, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE